Benedict D. Dineen, J.
Plaintiff is the publisher of' a large number of magazines. Among them is one known as “ True Confessions ’ ’. In the titles, of several others the word ‘1 Confessions ” is prominent. Iii these actions plaintiff seeks to restrain the publication by defendant publishers of three magazines, one known as “ Crime Confessions ”, another known as “ Real Confessions ”, and a third known as “ Crime Detective ”. Plaintiff also asks that defendants be restrained, generally, from publishing any magazines the titles of which include the words “ Confession ” or “ Confessions
Plaintiff’s claim is that by the use of the titles “ Crime Confessions” and ‘ < Real Confessions” defendants have infringed upon plaintiff’s registered trade-mark “True Confessions ” and have been guilty of unfair competition. The complaint against the use of the title “Crime Detective” is based upon the use of certain subtitles which are claimed to have simulated the subtitles used by plaintiff on detective magazines, published by plaintiff through a subsidiary corporation. This *739 last-mentioned complaint is unsubstantial and may be dismissed without further discussion.
Whether the registration, by plaintiff’s predecessor, of the title “ True Confessions ” in the United States Patent Office gave the registrant a valid statutory trade-mark and, if so, whether plaintiff is now vested with the title to that trade-mark, are questions which need not be decided. Any simulation of plaintiff’s title would constitute unfair competition even though plaintiff had no statutory trade-mark.
I do not find that the title “ Crime Confessions ” is sufficiently like plaintiff’s title “ True Confessions ” to justify the claim that the use of the former title by defendants constitutes unfair competition, unless it can be held that defendants are altogether precluded from the use of the word “ Confessions ”.
Plaintiff urges that any use by defendants of the word “ Confessions ” in the title of any magazine published by them constitutes unfair competition because of the prior use of the word by plaintiff in several of its publications. But the word is not a fanciful one. It is a generic or descriptive word which is in everyday use. Such a word may not be appropriated by any publisher unless he can show that by long and exclusive use it has come to have a secondary meaning by which it is associated in the mind of the purchasing public with his publications alone. (Merriam Co. v. Saalfield, 198 F. 369, 373.) The evidence does not justify a finding that the word has acquired such a secondary meaning here.
Defendants had the right to publish so-called “ confession stories ”, or purported confessions of crime or wrongdoing, and they had the right to give their publication a title which was necessary to its proper description, even though some confusion or mistake in the public mind might follow. (Warner & Co. v. Eli Lilly & Co., 265 U. S. 526, 528.) Any confusion that might result, to plaintiff’s prejudice, would be due primarily to the fact that plaintiff had chosen the descriptive word “ Confessions ” as part of the title of its own publications. (Collegiate World Pub. Co. v. Du Pont Pub. Co., 14 F. 2d 158, 160.)
It follows that no case has been made for restraining the publication of “ Crime Confessions ”, or for a general prohibition of the use of the word “Confession” or “Confessions” by defendants.
The opposite conclusion is required in the case of the other magazine ‘ ‘ Beal Confessions ’ ’. The choice of that combination of words too closely simulates the title of plaintiff’s magazine, “True Confessions”. That simulation is unnecessary to a proper description of defendants’ publication. The two titles *740 have very ranch the same meaning and their concurrent use would be certain to lead to unnecessary confusion of the purchasing public. It is immaterial that the words “ true ” and “confessions” are words in everyday use and, taken separately, are not susceptible of exclusive appropriation. Plaintiffs have devised a title which is a combination of these words, and there is no reason why defendants should he allowed either to copy, or to simulate, that combination in choosing a title for their own periodical which they had previously published under other and dissimilar names. The use of the title “ Beal Confessions ” will be restrained.
All motions upon which decision was reserved are denied, with exceptions to the moving parties.
The requests for findings have been passed upon. Settle decision and judgment.